# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER BENNETT et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS INCORPORATED,<br><br>Defendant. | Case No. 17-cv-01590<br><br>Judge Evelyn Padin<br><br>Magistrate Judge Michael A. Hammer |

## ORDER

THIS MATTER, having come before the Court by Quest Diagnostics Incorporated's ("Quest's") Unopposed Motion to Redact and Seal Transcript, and the Court having considered the submissions in support of the Unopposed Motion and the materials for which a sealing order is sought, and the factors set forth in Local Civil Rule 5.3(c), the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1.  On October 5, 2021, Plaintiffs filed their Motion for Class Certification ("Plaintiffs' Motion"). Dkt. 145.

2.  On February 4, 2022, Quest filed its Opposition to Plaintiffs' Motion. Dkt. 162.

3. On April 29, 2022, Plaintiffs filed their reply in support of Plaintiffs' Motion. Dkt. 164.

4. On May 20, 2022, Quest filed its sur-reply in support of its Opposition to Plaintiffs' Motion. Dkt. 171.

5. On October 27, 2022, Plaintiffs filed their supplemental reply memorandum in further support of Plaintiffs' Motion. Dkt. 191.

6. On December 16, 2022, Quest filed its response to Plaintiffs' supplemental reply memorandum. Dkt. 201.

7. On January 5, 2023, Plaintiffs' filed a letter brief correcting purported misstatements in Defendant's response to Plaintiffs' supplemental reply memorandum. Dkt. 203.

8. On January 9, 2023, Defendant's filed a letter brief response to Plaintiffs' correction of the misstatement in Defendant's response to Plaintiffs' supplemental reply memorandum. Dkt. 204.

9. Quest seeks to protect from disclosure certain information in the November 15, 2022 hearing transcript that it represents is sensitive, confidential, and proprietary business information.

10. Quest asserts that disclosure of the information would give competitors an unfair competitive advantage, causing serious and irreparable financial injury.

11. Quest has shown that there is no less restrictive means available to preserve its confidentiality interests other than redacting the information in conformance with the proposed redactions in Exhibit A to the Declaration of Michael R. McDonald.

12. None of the information identified for redaction was subject to a prior sealing order.

13. The Court is unaware of any party or non-party opposing the Unopposed Motion to Redact and Seal Transcript.

## CONCLUSIONS OF LAW

14. Although the public has a common law right to access judicial proceedings and records, that "right is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). The presumption of access may be rebutted where, for example, records "are sources of business information that might harm a litigant's competitive standing." *Id.*; *see also China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, 2017 WL 3718108, at *3 (D.N.J. Aug. 29, 2017) (recognizing "there is a legitimate private interest in keeping confidential business agreements and sensitive pricing information confidential" because disclosure could "damage the disclosing party's competitive standing in the marketplace"); *Overton v. Sanofi-Aventis U.S., LLC*, 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that

party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents."); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3-4 (D.N.J. Jan. 3, 2012) (granting motion to seal "confidential business agreements, sensitive financial information and private email exchanges" because disclosure "would cause clear and serious injury . . . in the competitive marketplace"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *8-10 (D.N.J. July 18, 2007) (granting motion to seal "cost and profit information" because it could be "manipulated or distorted by competitors for a business advantage"). The Court concludes that Quest has met its burden of proving under the applicable case law and under Local Civil Rule 5.3 that the November 15, 2022 hearing transcript should be redacted consistent with the proposed redactions in Exhibit A to the Declaration of Michael R. McDonald.

15. Specifically, the Court concludes that: (a) the materials contain confidential information concerning Quest's business; (b) Quest has a legitimate interest in maintaining the confidentiality of the materials to prevent their disclosure to competitors who could use the information contained therein to gain a competitive advantage; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of confidential information by competitors to Quest's financial detriment; and (d) no less restrictive alternative to sealing the materials is available.

**WHEREFORE**, the Court having found that the relief sought is warranted; and for other good cause shown:

**IT IS**, on this 24th day of February 2023, **ORDERED**:

1. Defendant's Notice of Unopposed Motion to Redact and Seal Transcript is **GRANTED**;

2. The November 15, 2022 hearing transcript is to be **FILED IN REDACTED FORM IN CONFORMANCE WITH THE PROPOSED REDACTIONS IN EXHIBIT A TO THE DECLARATION OF MICHAEL R. MCDONALD.**

**IT IS SO ORDERED.**

Dated: 2/24/2023

Hon. Michael A. Hammer, U.S.M.J.

5